UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ANTHONY LORUSSO,

                Plaintiff,

-against-

FOX CORPORATION BROADCASTING,

                Defendant.

22-CV-8686 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Polk Correctional Institution in Polk City Florida, brings this action *pro se*. Because Plaintiff submitted the complaint without the $402.00 in fees required to file a civil action in this court, the Court assumes Plaintiff is seeking to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. Plaintiff is barred, however, from filing any new civil action IFP while he is a prisoner. *See LoRusso v. Weatherford*, No. 8:21-CV-0309 (CEH) (JSS) (M.D. Fla. Apr. 22, 2021).[1] That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

---

[1] The Middle District of Florida's order cited the following dismissals as strikes: (1) *LoRusso v. McCabe*, No. 8:20-CV-1916 (TPB) (AEP) (M.D. Fla. Dec. 15, 2020) (dismissing complaint for failure to state a claim); (2) *LoRusso v. Dillinger*, No. 8:20-CV-2748 (WFJ) (AAS) (M.D. Fla. Nov. 23, 2020) (same); (3) *LoRusso v. Upton,* No. 1:03-CV-0132 (WLS) (RLH) (M.D. Ga. Sept. 16, 2003) (dismissing complaint as frivolous). Plaintiff has filed numerous other federal civil actions that have been dismissed on strike grounds. *See, e.g.*, *LoRusso v. Fla. Dep't of Corrs.* No. 5:22-CV-0322 (SPC) (PRL) (M.D. Fla. July 26, 2022) (dismissing the complaint as frivolous); *LoRusso v. Upton*, No. 1:03-CV-0190 (WLS) (M.D. Ga. Dec. 30, 2003) (same); *LaRusso v. Fayetteville, Ga.*, No. 1:03-CV-0005 (WLS) (M.D. Ga. Nov. 3, 2003) (same); *LoRusso v. Upton*, No. 1:03-CV-0138 (WLS) (M.D. Ga. Sept. 16, 2003) (same). Other courts have also recognized Plaintiff as barred under 28 U.S.C. § 1915(g). *See, e.g.*, *LoRusso v. Brooks*, No. 2:22-CV-0260 (AMM) (NAD) (N.D. Ala. May 17, 2022) (finding Plaintiff had acquired three strikes and dismissing complaint under Section 1915(g)); *LoRusso v. Gualtieri*, No. 8:21-CV-2203 (KKM) (SPF) M.D. Fla. Oct. 13, 2021) (same); *LoRusso v. Winfield*, No. 5:06-CV-0083 (DF) (CWH) (M.D. Ga. Mar. 27, 2006) (same).

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that Defendant, a news broadcasting corporation, disseminated false information regarding the 2020 Presidential Election. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to issue judgment in this case.

SO ORDERED.

Dated:   October 14, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge